PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                      No. 07-5123

CORDELL LESTER SMITH,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Frank D. Whitney, District Judge.
(3:06-cr-00067-FDW-DCK-1)

Argued: March 25, 2009

Decided: May 26, 2009

Before NIEMEYER and GREGORY, Circuit Judges,
and Eugene E. SILER, Jr., Senior Circuit Judge
of the United States Court of Appeals
for the Sixth Circuit, sitting by designation.

Affirmed in part; vacated and remanded in part by published
opinion. Judge Niemeyer wrote the opinion, in which Judge
Gregory and Senior Judge Siler joined.

## COUNSEL

**ARGUED:** Matthew Segal, FEDERAL DEFENDERS OF
WESTERN NORTH CAROLINA, INC., Asheville, North

Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee. **ON BRIEF:** Claire J. Rauscher, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

## OPINION

NIEMEYER, Circuit Judge:

Cordell Smith was convicted of drug trafficking and firearms offenses, and the district court sentenced him to 197 months' imprisonment. On appeal, Smith contends (1) that the district court erroneously allowed a government witness to testify, in violation of the "best evidence rule," Federal Rule of Evidence 1002, about the place where the firearms were manufactured in order to demonstrate that they traveled in interstate commerce; and (2) that the district court, in sentencing him, erred in presuming the reasonableness of his sentence because it fell within the Sentencing Guidelines range.

We find no violation of the "best evidence rule," but we agree that the district court apparently presumed that a sentence within the Guidelines range was reasonable. Accordingly, we affirm Smith's conviction, vacate his sentence, and remand for resentencing.

I

During a search of Smith's apartment in Charlotte, North Carolina, on November 9, 2005, police recovered, among other things, crack cocaine, marijuana, electronic scales, drug paraphernalia, two loaded handguns, two shotguns, ammunition, and cash. Smith was indicted on three counts charging

him with (1) possessing with intent to distribute a quantity of crack cocaine, in violation of 21 U.S.C. § 841(a), (b); (2) using and carrying one or more firearms during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and (3) possessing one or more firearms, having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g).

To prove at trial the interstate nexus element of the felon-in-possession count, the government presented the testimony of Special Agent Andrew Cheramie of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") that the firearms recovered from Smith's apartment had been manufactured in States other than North Carolina. Smith's attorney objected to the proposed testimony of Special Agent Cheramie on the ground that it would violate Federal Rule of Evidence 1002, which he referred to as the "best evidence rule." He argued that Cheramie's testimony based on written reference materials and ATF computer databases, none of which were offered into evidence, violated the rule. The district court overruled the objection and allowed Cheramie to testify without requiring him to introduce any reference materials into evidence.

The jury convicted Smith on all counts, and the district court sentenced him to 197 months' imprisonment, a sentence at the top of the Sentencing Guidelines range. This appeal followed.

## II

Smith contends first that the district court erred in overruling his objection to the testimony of Special Agent Cheramie about where the firearms were manufactured to prove the interstate nexus of the four firearms seized from Smith's apartment—as necessary for a violation of 18 U.S.C. § 922(g). Smith contends that the district court's ruling violated Federal Rule of Evidence 1002, and therefore that his felon-in-possession conviction should be vacated.

At trial, the government sought to qualify Special Agent Cheramie "as an expert in the analysis of the location of where firearms are manufactured," and counsel for Smith conducted voir dire eliciting the fact that Special Agent Cheramie relied on reference materials, as well as an examination of the firearms themselves, to determine where the firearms were manufactured. Cheramie explained that he examined the firearms themselves, obtaining the manufacturers' names and, on three of the four firearms, the serial numbers. He then consulted published materials on the origins of firearms, a reference book, which he had with him in the courtroom, and an ATF computerized database that had been compiled "over many, many years as agents have done this practice and had communication with various firearms manufacturers from around the world." Counsel for Smith then objected to the proposed testimony, stating, "I think the testimony violates the best evidence rule, Rule 1002. The witness is essentially repeating things that he's read in documents, that he could bring and that the jury could look at them and make that judgment. And instead he's just repeating that information for us." The district court overruled Smith's objection and allowed Special Agent Cheramie to testify, stating, "the court will not designate the witness as an expert in interstate nexus, but the witness can testify from his training and experience at ATF where he specifically said he had specialized training in interstate nexus, where he can testify as to what conclusions he would draw from his training and experience as to whether these weapons traveled in interstate commerce."

Special Agent Cheramie then testified that "based on [his] training and experience," he was able to determine that Smith's Talon Industries Model T200 pistol was manufactured in Montana; the Ruger P85 Mark II pistol was manufactured in Prescott, Arizona; the Winchester Model 12 shotgun was manufactured in New Haven, Connecticut; and the High Standard Model K1200 shotgun was manufactured in Hamden, Connecticut. On cross examination, Special Agent Cheramie acknowledged that he had never been to any of the

factories that manufactured the firearms, nor had he talked to any of the employees at those factories.

Smith argues that "the materials on which Cheramie relied were clearly 'writings' or 'recordings' under Rule 1001" and therefore "Cheramie's testimony plainly sought to prove the content of writings or recordings because Cheramie himself had no independent, first-hand knowledge of where the firearms were manufactured," in violation of Rule 1002. He states that "the district court's conclusion that Cheramie's testimony was the 'best evidence' of the information in books and files is unsustainable." Smith asserts that the district court, in allowing Special Agent Cheramie to testify without requiring production of the originals or copies, erred "as a matter of law."

Smith's argument, however, appears to rest on a misconception of the "best evidence rule" and Rule 1002. In asserting that Cheramie should not have been allowed to testify to the fact of a firearm's place of manufacture without introducing the writings and other materials from which he learned that fact, Smith suggests that the best evidence rule required the government to introduce the best evidence of that fact, *i.e.*, the writings and other materials from which Cheramie learned the fact, especially when Cheramie did not have personal first-hand knowledge of the fact. But Federal Rule of Evidence 1002 is not nearly so broad.

Federal Rule of Evidence 1002 provides in pertinent part: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required." As the Rule's language states, the Rule applies to the circumstance where the proponent seeks "*to prove the content*" of a document. The Rule exists to afford guarantees against inaccuracies and fraud by requiring that *the original* of the document be offered, subject to exceptions in Rule 1003 (allowing the use of duplicates) and Rule 1004 (providing exceptions to the requirement of an original). *See generally* Fed. R. Evid.

1001 advisory committee's note. Thus it is more accurate to refer to Rule 1002 as the "original document rule," not the "best evidence rule." *See* 2 Kenneth S. Broun, *McCormick on Evidence* § 231 (6th ed. 2006); *see also Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1318 (9th Cir. 1986) ("Dating back to 1700, the rule requires not, as its common name implies, the best evidence in every case but rather the production of an original document instead of a copy. Many commentators refer to the rule not as the best evidence rule but as the original document rule").

In this case, the government never sought to prove the content of any writing or recording relating to the firearms or their places of manufacture. It sought only to prove *the fact* that the firearms were manufactured in States other than North Carolina, where they were recovered during the search of Smith's apartment. The place of the firearms' manufacture was a fact existing independently of the content of any book, document, recording, or writing. Just because Special Agent Cheramie consulted books and computer databases in reaching his conclusion about the firearms' place of manufacture does not mean that his testimony was offered "to prove the content" of the books and computer files. Accordingly, Rule 1002 did not require submission of the books and computer files into evidence. *See United States v. Sliker*, 751 F.2d 477, 483 (2d Cir. 1984) (no need to introduce original bank insurance policy just because witness testified to the fact the bank was insured); *cf. United States v. Alexander*, 326 F.2d 736, 740 (4th Cir. 1964) (proving the contents of a check); *see generally* 2 *McCormick on Evidence* § 234 (entitled "What constitutes proving the content").

Thus the district court did not violate Rule 1002 in overruling Smith's objection to Special Agent Cheramie's testimony.

## III

Smith also challenges his sentence, arguing that the district court inappropriately presumed the reasonableness of his sentence because it fell within the Sentencing Guidelines range.

After determining that the Sentencing Guidelines range applicable to Smith was 170 to 197 months' imprisonment, the district court stated:

> That's a range that shows the Court what might be a reasonable sentence, and it is viewed under the law as a presumptively reasonable sentence because that's what this Court is supposed to do; it's to sentence you to a reasonable amount of time.

The court then selected a sentence at the top of the Guidelines range.

While an *appellate* court reviewing a sentence may presume that the sentence within a properly calculated Guidelines range is reasonable, *see United States v. Go*, 517 F.3d 216, 218 (4th Cir. 2008), the *sentencing* court may not, in sentencing a defendant, rely on this presumption. *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007) (citing *Rita v. United States*, 127 S. Ct. 2456 (2007)). Rather the sentencing court must "first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009) (per curiam).

Because the district court's statement in sentencing Smith suggests that the court improperly presumed that a sentence within the Guidelines range would be reasonable, we vacate Smith's sentence and remand for resentencing.

*AFFIRMED IN PART*;
*VACATED AND REMANDED IN PART*