**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4497**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON HASKELL,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (2:08-cr-00147-PMD-1)

Submitted:  October 28, 2009          Decided:  November 6, 2009

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Gordon Baker, Assistant Federal Public Defender,
Charleston, South Carolina, for Appellant.   Peter Thomas
Phillips, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Haskell pled guilty pursuant to a plea agreement to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Haskell to a seventy-month term of imprisonment, a sentence in the middle of the advisory guidelines range. On appeal, Haskell's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in her view, there are no meritorious issues for appeal. Counsel questions, however, whether the district court complied with Fed. R. Crim. P. 11 in accepting Haskell's plea and whether the sentence is reasonable. Haskell was informed of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

Counsel raises as a potential issue the adequacy of the plea hearing but identifies no deficiencies in the district court's Rule 11 inquiries. Our careful review of the record convinces us that the district court fully complied with the mandates of Rule 11 in accepting Haskell's guilty plea and ensured that Haskell entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Haskell's counsel also questions whether Haskell's sentence is reasonable. We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. In determining whether a sentence is procedurally reasonable, this court must first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. at 596-97. This court then must consider whether the district court considered the factors in 18 U.S.C. § 3553(a) (2006), analyzed the arguments presented by the parties, and made "an individualized assessment based on the facts presented." Gall, 128 S. Ct. at 597; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, we review the substantive reasonableness of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Our review of the record leads us to conclude that the district court committed no procedural error in this case. Turning to the substantive reasonableness of the sentence, we presume that a sentence imposed within the properly calculated guidelines range is reasonable. Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Smith, 566 F.3d 410, 414 (4th Cir. 2009). Applying the presumption of reasonableness to

3

Haskell's within-guidelines sentence, which Haskell fails to rebut on appeal, we find that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform her client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>