<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4460**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

CUAUTEMOC PERIBIAN-GONZALEZ, a/k/a Juan, a/k/a Gordo,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District Judge.  (9:06-cr-00158-SB)

Submitted:  November 9, 2009      Decided:  November 24, 2009

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Christopher Mills, J. CHRISTOPHER MILLS, LLC, Columbia, South Carolina, for Appellant.  Carlton R. Bourne, Jr., Eric John Klumb, Reginald I. Lloyd, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cuautemoc Peribian-Gonzalez pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute and to distribute over 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). The district court ultimately sentenced Peribian-Gonzalez to 400 months imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising the following potential claims: whether the district court complied with Fed. R. Crim. P. 11 in accepting Peribian-Gonzalez's guilty plea, whether the district court erred in denying his motion to suppress certain evidence, and whether the sentence is reasonable. Peribian-Gonzalez has filed a supplemental pro se brief in which he also challenges the validity of his guilty plea and claims that the district court violated the holding in United States v. Booker, 543 U.S. 220 (2005), by making drug quantity findings that were not set forth in the indictment and proved beyond a reasonable doubt.

Our review of the record reveals that the district court fully complied with the requirements of Fed. R. Crim. P. 11 in accepting Peribian-Gonzalez's guilty plea. The court informed Peribian-Gonzalez, through an interpreter, of his right to plead not guilty and have his case tried by a jury. The

2

district court also reviewed the constitutional rights Peribian-Gonzalez was forfeiting by entering his guilty plea. The district court ensured that Peribian-Gonzalez understood the nature of the charge to which he was pleading guilty, the minimum and maximum possible penalties, the court's obligation to impose a special assessment, and the advisory sentencing guidelines scheme. The court determined that Peribian-Gonzalez was pleading guilty freely and voluntarily and that a factual basis supported the plea. Accordingly, we find no error by the district court in accepting Peribian-Gonzalez's guilty plea. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Next, counsel questions whether the district court erred in denying Peribian-Gonzalez's motion to suppress. However, counsel concedes that Peribian-Gonzalez did not enter a conditional guilty plea, and, therefore, his valid guilty plea constitutes a waiver of all antecedent non-jurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Finally, Peribian-Gonzalez challenges the sentence imposed. In his supplemental pro se brief, he first claims that the district court violated the holding in Booker by making findings as to drug quantity without having those facts set forth in the indictment and proved beyond a reasonable doubt. However, this claim is without merit. See Rita v. United

3

States, 551 U.S. 338, 353 (2007) (recognizing that its "Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence"); United States v. Brooks, 524 F.3d 549, 561-62 (4th Cir.) ("[A] sentencing court is entitled to find individualized drug quantities by a preponderance of the evidence, as part of its calculation of an advisory Guidelines range, . . . so long as its resulting sentence is within the relevant statutory range."), cert. denied, Witherspoon v. United States, 129 S. Ct. 519 (2008).

Counsel also questions the reasonableness of Peribian-Gonzalez's sentence. We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory guidelines range, we must then consider whether the district court considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 596-97; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). The record must establish that the district court made "an

individualized assessment based on the facts presented." Gall, 128 S. Ct. at 597.

We find no error by the district court. The court properly calculated Peribian-Gonzalez's guidelines range. Moreover, the court's statements at Peribian-Gonzalez's sentencing hearing reflect an "individualized assessment" of the facts pertaining to his sentence.

We also find the sentence to be substantively reasonable as it is below the statutory maximum of 480 months and below the advisory guideline range of life imprisonment. Peribian-Gonzalez has not overcome the presumption that the sentence is reasonable. See Rita, 551 U.S. at 347; United States v. Smith, 566 F.3d 410, 414 (4th Cir. 2009).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. We require that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such filing would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>