**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4079**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

DACIOUS LAMONT SMITH,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:08-cr-00045-F-1)

Submitted:  December 17, 2009        Decided:  December 28, 2009

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dacious Lamont Smith pled guilty, without a plea agreement, to conspiracy to distribute and possess with intent to distribute at least five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), using and carrying a firearm during and in relation to, and possessing the firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006), and possessing a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, he argues that the district court's imposition of a sentence of 131 months of imprisonment was not reasonable, and that his sentence must be vacated and remanded for resentencing pursuant to the Supreme Court's decisions in Nelson v. United States, 129 S. Ct. 890 (2009), and Spears v. United States, 129 S. Ct. 840 (2009). We affirm.

Smith does not assert any specific error committed by the district court in selecting his sentence, but argues that the factors in 18 U.S.C. § 3553(a) (2006) supported a sentence at the mandatory minimum term of 120 months of imprisonment. We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence.

2

<u>Id.</u>  After determining whether the district court properly calculated the defendant's advisory guidelines range, this court must then consider whether the district court considered the factors in 18 U.S.C. § 3553(a) (2006), analyzed the arguments presented by the parties, and sufficiently explained the selected sentence.  <u>Id.</u>; <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009).  Finally, we review the substantive reasonableness of the sentence.  <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007).

Our review of the record leads us to conclude that the district court committed no procedural error in this case. Turning to the substantive reasonableness of the sentence, this court presumes that a sentence imposed within the properly calculated guidelines range is reasonable.  <u>Rita v. United States</u>, 551 U.S. 338, 347 (2007); <u>United States v. Smith</u>, 566 F.3d 410, 414 (4th Cir. 2009).  Applying the presumption of reasonableness to Smith's within-guidelines sentence, which Smith fails to rebut on appeal, we find that the district court did not abuse its discretion in imposing a 131-month sentence. Thus, the sentence is reasonable.

At the time Smith was sentenced, the Supreme Court had decided in <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007), that courts are permitted to vary downward from a sentencing range based on the Sentencing Guidelines' 100-to-1 cocaine base to

3

cocaine powder sentencing ratio if the resulting sentence under the Guidelines would be greater than necessary to achieve the objectives set forth in § 3553(a). Id. at 110-11. The decision in Spears expanded upon Kimbrough's holding by clarifying "that the district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." Spears, 129 S. Ct. at 843-44. Nelson did not address Kimbrough, but held that the presumption of reasonableness accorded to a within-Guidelines sentence is an appellate presumption that may not be considered by the district court in selecting a sentence. Nelson, 129 S. Ct. at 892. In this case, there is no indication that the district court did not realize its discretion to select a lower sentence based on the crack-powder disparity, and the district court did not presume the Guidelines sentencing range to be reasonable. Thus, we conclude that this argument is without merit.

We therefore affirm Smith's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4