**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4518**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

MIGUEL VARGAS SILVAS, a/k/a Miguel Flores Sanchez, a/k/a
Miguel Vargas, a/k/a Miguel Silvas-Vargas,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.   James A. Beaty, Jr.,
Chief District Judge.  (1:07-cr-00251-JAB-1)

Submitted:  December 10, 2009      Decided:  February 18, 2010

Before WILKINSON and GREGORY, Circuit Judges,  and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North
Carolina, for Appellant.   Angela Hewlett Miller, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Vargas Silvas appeals the district court's judgment entered pursuant to his guilty plea to unauthorized reentry of a removed alien previously convicted of an aggravated felony offense, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Counsel for Silvas filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she asserts there are no meritorious issues for appeal, but asks this court to review the adequacy of the plea hearing and the reasonableness of Silvas' sentence. Silvas was notified of the opportunity to file a pro se supplemental brief, but has failed to do so. Finding no error, we affirm.

Under Fed. R. Crim. P. 11(b)(1), the district court must address the defendant in open court and inform him of the following: the nature of the charge; any mandatory minimum sentence and the maximum possible sentence; the applicability of the Sentencing Guidelines; the court's obligation to impose a special assessment; the defendant's right to an attorney; his right to plead not guilty and be tried by a jury with the assistance of counsel; his right to confront and cross-examine witnesses; his right against self-incrimination; and his right to testify, present evidence, and compel the attendance of witnesses. The defendant also must be told that a guilty plea waives any further trial and that his answers at the proceeding

2

may be used against him in a prosecution for perjury. Under Rule 11(b)(2), the court must address the defendant to determine that the plea is voluntary. The court must determine a factual basis for the plea under Rule 11(b)(3) and require disclosure of any plea agreement under Rule 11(c)(2). Because Silvas did not move in the district court to withdraw his guilty plea, any challenges to the Rule 11 hearing are reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002).

During the plea hearing, the district court informed Silvas of the nature of the charges and penalties he faced, found that Silvas was competent and entering his plea voluntarily, and determined there was a sufficient factual basis for the plea. However, the district court's recitation of the rights Silvas was forfeiting as a result of his guilty plea was perfunctory and limited. While the district court informed Silvas that he was giving up his right to a jury trial and "all your Constitutional rights relating to trial by jury," the court failed to specifically inform Silvas of his right to be represented by counsel at trial, his right to confront and cross-examine witnesses, his right against self-incrimination, and his right to testify, present evidence, and compel the attendance of witnesses. See Fed. R. Crim. P. 11(b)(1)(D)-(E). Furthermore, Silvas' answer to the district court's inquiry

3

regarding his forfeited rights was somewhat disconcerting, as he replied, "I'm not giving up anything, I just want to plea guilty." When the district court subsequently asked whether he was requesting a jury trial, Silvas merely replied, "[n]o, what for?"

Despite the district court's failure to fully inform Silvas of the rights he was waiving by entering his guilty plea, there is no evidence in the record that, absent the Rule 11 errors, Silvas "would not have entered into his plea agreement with the Government." Martinez, 277 F.3d at 532. The numerous trial rights that Silvas relinquished were detailed in his plea agreement, and there is no indication in the record that Silvas desired to contest his guilt on the charged offense. Accordingly, any error by the district court did not affect Silvas' substantial rights. We therefore conclude that the record establishes that Silvas knowingly and voluntarily entered into his guilty plea with an adequate understanding of the consequences.

Silvas also asks this court to review the reasonableness of his sentence. We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. In determining whether a

4

sentence is procedurally reasonable, this court must first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. at 596-97. This court then must consider whether the district court considered the factors in 18 U.S.C. § 3553(a) (2006), analyzed the arguments presented by the parties, and made "an individualized assessment based on the facts presented." Gall, 128 S. Ct. at 597; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, we review the substantive reasonableness of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Our review of the record leads us to conclude that the district court committed no procedural error in this case. Turning to the substantive reasonableness of the sentence, we presume that a sentence imposed within the properly calculated guidelines range is reasonable. Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Smith, 566 F.3d 410, 414 (4th Cir. 2009). Applying the presumption of reasonableness to Silvas' within-guidelines sentence, which Silvas fails to rebut on appeal, we find that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court

5

requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED