**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4512**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

CALVIN JERMEL STEWART, JR.,

               Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry F. Floyd, District Judge. (6:06-cr-00142-HFF-1)

Submitted:  February 24, 2010      Decided:  March 19, 2010

Before KING, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Jermel Stewart, Jr. pled guilty, without a plea agreement, to possession of a firearm and ammunition after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2006). In the presentence report (PSR), the probation officer determined that Stewart qualified for sentencing as an armed career criminal pursuant to 18 U.S.C. § 924(e) (2006) and U.S. Sentencing Guidelines Manual (USSG) § 4B1.4 (2005). Stewart's status as an armed career criminal resulted in an offense level of thirty-three, and a criminal history category of IV, which yielded a sentencing range of 188 to 235 months of imprisonment. Stewart did not object to the PSR. The district court sentenced Stewart to 220 months of imprisonment.

Counsel failed to file a notice of appeal. Stewart filed a 28 U.S.C.A. § 2255 (West Supp. 2009) motion, asserting that he is actually innocent, that counsel was ineffective in failing to file an appeal, that criminal history points were incorrectly applied to place him in armed career criminal status, and that his conviction for pointing a firearm does not constitute a crime of violence after the Supreme Court's decision in Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581, 1584-86 (2008). The district court granted relief in

2

part, vacated its original judgment, and immediately reentered judgment to allow Stewart a belated direct appeal.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in sentencing Stewart. In his pro se supplemental brief, Stewart argues that the Anders brief was submitted in violation of the Sixth Amendment and requests that his appeal be remanded to the district court so that the court may consider the merits of the claims asserted in his § 2255 motion. The Government declined to file a brief. We affirm.

This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory Guidelines range, this court must then consider whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the

3

case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

In this case, counsel does not assert any specific error, procedural or substantive, in the district court's sentencing determination. Our review of the record leads us to conclude that the district court did not err in sentencing Stewart. In his pro se brief, Stewart argues that the three convictions used to qualify him for an enhanced sentence as an armed career criminal are not violent felonies under Begay. This argument is meritless. In Begay, the Supreme Court held that the offense of driving while intoxicated under New Mexico law was not a violent felony under the Armed Career Criminal Act's "otherwise" clause because it was not sufficiently similar to crimes specifically mentioned in that clause. Begay, 128 S. Ct. at 1588. The Court stated that "[i]n our view, DUI differs from the example crimes — burglary, arson, extortion, and crimes involving the use of explosives — in at least one pertinent, and important, respect. The listed crimes all typically involve purposeful, 'violent,' and 'aggressive' conduct." Id. at 1586. Stewart's prior convictions for pointing a firearm at another person, lynching, and assault and battery of a high and aggravated nature likewise involve "purposeful, violent, and aggressive conduct." The district court correctly determined that Stewart qualified for sentencing as an armed career

4

criminal. We also conclude that the district court provided a sufficiently individualized explanation for its sentence that demonstrated its consideration of the relevant § 3553(a) factors, as required by Carter.

This court reviews the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 128 S. Ct. at 597). This court presumes that a sentence imposed within the properly calculated guidelines range is reasonable. Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Smith, 566 F.3d 410, 414 (4th Cir. 2009). Stewart has presented no information to demonstrate that the totality of the circumstances would support a sentence below the Guidelines range, and our review of the record reveals none.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We have considered the remaining arguments asserted in Stewart's supplemental brief, including those claims raised in his § 2255 motion in the district court, and find them to be without merit. We therefore affirm Stewart's conviction and sentence. This court requires that counsel inform Stewart, in writing, of the right to petition the Supreme Court of the United States for

5

further review.  If Stewart requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Stewart.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED