**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4527**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

AVELINO OSORIO-CORTEZ,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Senior District Judge.  (1:06-cr-00373-NCT-1)

Submitted:  February 17, 2010          Decided:  April 2, 2010

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North
Carolina, for Appellant.  Sandra Jane Hairston, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Avelino Osorio-Cortez pled guilty pursuant to a plea agreement to conspiracy to distribute cocaine hydrochloride, 21 U.S.C.A. §§ 841(b)(1)(A), 846 (West 1999 & Supp. 2009). The district court sentenced Osorio-Cortez to eighty-seven months' imprisonment, a sentence at the low end of the advisory guidelines range. On appeal, Osorio-Cortez's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in her view, there are no meritorious issues for appeal. Osorio-Cortez was informed of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.[*]

Our careful review of the record convinces us that the district court fully complied with the mandates of Fed. R. Crim. P. 11 in accepting Osorio-Cortez's guilty plea and ensured that Osorio-Cortez entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis.

---

[*] Osorio-Cortez filed a pro se notice of appeal outside of the appeal period, and we remanded to the district court to determine whether Osorio-Cortez had demonstrated excusable neglect or good cause warranting an extension of the appeal period. See United States v. Osorio-Cortez, 308 F. App'x 664 (4th Cir. Jan. 21, 2009) (No. 08-4527). The district court found Osorio-Cortez demonstrated excusable neglect and therefore deemed the notice of appeal timely filed. Accordingly, we review the appeal on the merits.

See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. In determining whether a sentence is procedurally reasonable, this court must first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. at 49-50. This court then must consider whether the district court considered the factors in 18 U.S.C. § 3553(a) (2006), analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Finally, we review the substantive reasonableness of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We presume that a sentence imposed within the properly calculated guidelines range is reasonable. Rita v. United States, 551 U.S. 338, 346-56 (2007); United States v. Smith, 566 F.3d 410, 414 (4th Cir. 2009). Applying the

3

presumption of reasonableness to Osorio-Cortez's within-guidelines sentence, which Osorio-Cortez fails to rebut on appeal, we find that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Osorio-Cortez, in writing, of the right to petition the Supreme Court of the United States for further review. If Osorio-Cortez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Osorio-Cortez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>