**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 08-5090**

—————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROOSEVELT DEWELL ROSS,

        Defendant - Appellant.

—————

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg.  Margaret B. Seymour, District
Judge.  (5:07-cr-01155-MBS-2)

—————

Submitted:  February 10, 2010      Decided:  June 2, 2010

—————

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Cameron B. Littlejohn, Jr., Columbia, South Carolina, for
Appellant.  Stanley Duane Ragsdale, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roosevelt Dewell Ross appeals his convictions and 360-month sentence. Ross was convicted by a jury of possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006), and possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2006).

In the presentence report (PSR), the probation officer determined that Ross qualified for enhanced sentencing as a career offender, which mandated a base offense level of thirty-four and a criminal history category of VI, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 4B1.1(b) (2007). The total sentencing range for all counts, pursuant to USSG § 4B1.1(c)(2)(B), (c)(3) was 360 months to life imprisonment. At sentencing, counsel for Ross stated that there were no objections to the PSR and argued for a sentence at the bottom of the Guidelines range. The district court adopted the PSR and sentenced Ross to a total of 360 months of imprisonment, six years of supervised release, and a $300 special assessment. Ross timely appealed.

In this court, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there

2

are no meritorious issues for appeal, but questioning whether the district court erred in allowing the Government to present evidence of a call from an unknown caller to a cell phone to establish ownership of that phone, and whether Ross's sentence was properly determined. Ross was notified of his opportunity to file a pro se supplemental brief but has not done so. The Government declined to file a brief.

Counsel first questions whether the district court erred in allowing the Government to present evidence of an unknown caller to a cell phone in order to establish the ownership of the cell phone. This court reviews the district court's rulings admitting evidence for abuse of discretion. United States v. Basham, 561 F.3d 302, 325 (4th Cir. 2009). An abuse of discretion occurs only when "the trial court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks and citation omitted). Evidentiary rulings are also subject to review for harmless error under Federal Rule of Criminal Procedure 52, and will be found harmless if the reviewing court can conclude, "'without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" United States v. Abu Ali, 528 F.3d 210, 231 (4th Cir. 2008) (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946)), cert. denied, 129 S. Ct. 1312 (2009).

3

Our review of the record leads us to conclude that the court did not err in admitting the evidence in question.

Counsel next questions whether the district court properly determined Ross's sentence. This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory Guidelines range, this court must then consider whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). A defendant preserves a claim of procedural error "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed." United States v. Lynn, __ F.3d __, 2010 WL 322176, at *4 (4th Cir. 2010).

In this case, counsel does not assert any specific error, procedural or substantive, in the district court's

4

sentencing determination. Our review of the sentencing transcript reveals that the district court failed to provide an individualized explanation for its sentence, as required by Carter. Ross, however, failed to preserve this error. At sentencing, counsel implicitly argued "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and requested that the district court impose a sentence at the bottom of the Guidelines range, which was 360 months. The district court imposed the requested sentence, and because "[h]is attorney did not argue for a sentence different than the within-Guidelines sentence [Ross] ultimately received," Lynn, 2010 WL 322176, at *4, this court reviews only for plain error.

To demonstrate plain error, Ross "must show that an error (1) was made, (2) is plain (i.e., clear and obvious), and (3) affects substantial rights. Lynn, 2010 WL 322176, at *2. As discussed above, the district court erred, and under Carter, the error was plain. Ross cannot, however, demonstrate that the error affected his substantial rights, because "[h]is attorney's arguments before the district court urged that court only to impose a sentence [at the minimum of] the Guidelines range, which it did." Lynn, 2010 WL 322176, at *5.

Finally this court reviews the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any

5

variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). This court presumes that a sentence imposed within the properly calculated guidelines range is reasonable. Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Smith, 566 F.3d 410, 414 (4th Cir. 2009). Ross has presented no information to demonstrate that the totality of the circumstances would support a sentence below the Guidelines range, and our review of the record reveals none.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Ross's convictions and sentence. This court requires that counsel inform Ross, in writing, of the right to petition the Supreme Court of the United States for further review. If Ross requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ross.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED