**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-5102**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WINZEL DALLAS JACOBS, a/k/a Star, a/k/a OG,

        Defendant - Appellant.

---

**No. 09-5104**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WINZEL DALLAS JACOBS,

        Defendant - Appellant.

---

Appeals from the United States District Court for the Middle
District of North Carolina, at Greensboro and Durham.  William
L. Osteen, Jr., District Judge.  (1:08-cr-00319-WO-1; 1:09-cr-
00114-WO-2)

---

Submitted:  October 14, 2010      Decided:  November 4, 2010

---

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

———————————

Marc L. Resnick, Washington, D.C., for Appellant.  John W. Stone, Jr., Acting United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Winzel Dallas Jacobs appeals his conviction and 96 month sentence for one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), and one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). We affirm.

Jacobs makes four challenges to his sentence. He claims that the district court erred in (1) enhancing his sentence for obstruction of justice and possession of a stolen firearm; (2) calculating his criminal history; (3) failing to impose a variant sentence based on the crack cocaine/powder cocaine sentencing disparity; and (4) admitting the testimony of a Government witness at sentencing on the issue of whether Jacobs is a member of a gang.

An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, the court must assess whether the district court properly calculated the guidelines range, considered the 28 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n

individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)), cert. denied, ___ U.S. ___, 2010 WL 23245029 (October 4, 2010).

Even if the sentence is procedurally reasonable, the court must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

I.   Obstruction and Firearm Enhancements

Jacobs, citing Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), claims that his Sixth Amendment rights were violated because the district court did not find the facts underlying the enhancements beyond a reasonable doubt. We conclude that he is mistaken.

4

First, Jacobs specifically withdrew his objections to his obstruction of justice enhancement at sentencing. In addition, he did not object in district court to the enhancement for possessing a stolen firearm. Accordingly, these claims are not preserved for appeal and are reviewed for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. White, 405 F.3d 208, 218-20 (4th Cir. 2005). Under the plain error test, a defendant must show that (1) error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732. Even when these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

First, it is clear that Jacobs misreads Apprendi and Booker. Contrary to Jacobs's claim that those cases require a district court to find facts that will enhance a sentence beyond a reasonable doubt, Apprendi actually holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Here, Jacobs was not subjected to an enhanced penalty beyond the prescribed statutory maximum. Thus, Apprendi

and Booker do not apply (except to the extent that Booker makes the Guidelines advisory on the sentencing court).

In any event, the district court properly imposed sentencing enhancements for possession of a firearm and obstructing justice. The facts underlying both enhancements were set forth in Jacobs's presentence report and in adopting those factual findings, the district court did not err, let alone plainly so.

II. Criminal History Calculation

Jacobs next argues that the court erred in calculating his criminal history category. Specifically, he argues that his 2003 New Jersey controlled substance distribution conviction should have been counted as one criminal history point, rather than two, because he received a sentence of probation. Jacobs correctly notes that if the conviction were accorded one point, rather than two, his total criminal history points would be nine rather than ten, and he would have a criminal history category of IV, rather than V. See U.S. Sentencing Guidelines Manual (USSG) Chapter 5, part A.

Pursuant to USSG § 4A1.1(b), two points are added to the defendant's criminal history score for each prior sentence of imprisonment of at least sixty days. The district court considered the records of the New Jersey conviction and

6

concluded that Jacobs received a sentence of incarceration of seventy-one days and was given credit for time served. Crediting a defendant for time served does not equate to imposing a sentence of probation only. We accordingly conclude that the district court did not err in calculating Jacobs's criminal history.

III. Sentencing Disparity

Jacobs next argues that the district court erred by not considering a departure from the Guidelines based on the sentencing disparities between powder cocaine and cocaine base. This is essentially a challenge to the substantive reasonableness of the sentence.

Jacobs did not request a sentence below the Guidelines; rather, he specifically requested one at the low end of his advisory Guidelines range. Moreover, he did not request that the district court consider the crack/powder disparity when imposing a sentence. Our review is therefore for plain error. See Olano, 507 U.S. at 731-32.

After this court considers the substantive reasonableness of the sentence, it takes into account the totality of the circumstances. Gall, 552 U.S. at 51. In assessing the substantive reasonableness of a sentence, this court presumes that a sentence within the advisory Guidelines

7

range is reasonable. <u>Rita</u>, 551 U.S. at 347; <u>United States v. Smith</u>, 566 F.3d 410, 414 (4th Cir. 2009). Even if we would have imposed a different sentence, this fact alone is insufficient to justify reversing the district court. <u>United States v. Evans</u>, 526 F.3d 155, 160 (4th Cir.), <u>cert. denied</u>, 129 S. Ct. 476 (2008).

Contrary to Jacobs's representations, the district court did consider the cocaine base/cocaine powder sentencing disparity. Specifically, the court noted that:

> [W]hile I am well aware of the criticism of the 100-to-1 ratio as well as the 20-to-1 ratio and various positions both of the Department of Justice and the Sentencing Commission at the present time in this case . . . some of the very serious attendant harms to the crack cocaine . . . that is, gang membership and at least arming oneself . . . with a firearm . . . suggest that a sentence within the guideline range constitutes a reasonable sentence.

In <u>Spears v. United States</u>, 129 S. Ct. 840 (2009), the Supreme Court acknowledged that <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007), stood for the proposition that sentencing courts have the "authority to vary from the crack cocaine Guidelines based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." <u>Spears</u>, 129 S. Ct. at 843. In <u>Spears</u>, the Supreme Court approved of the sentencing court's decision to apply a twenty-to-one ratio when imposing a sentence in a typical crack cocaine case. <u>Id.</u> at 844. However, it is

one thing to say that a district court may vary from a Guideline on policy grounds; it is quite a leap, however, to hold that it must.  See id. (holding "we now clarify that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines").

Here, the district court clearly understood it had the authority to vary below the Guidelines based on a consideration of something less than the current sentencing disparity between crack and powder cocaine.  It properly calculated the Guidelines using the current base offense level for the quantity of crack cocaine for which Jacobs was held responsible.  Accordingly, we decline to conclude that the sentence was not reasonable.

IV.  Evidence of Jacobs's Gang Membership

Jacobs finally claims error in the court's decision to allow Kymberli Oakes, a police officer and purported expert on gang investigation, to testify that in her opinion, Jacobs was a member of the Valentine Bloods gang.

A sentencing court may consider any relevant information "without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability."  USSG § 6A1.3(a).  We have "construed various Supreme Court decisions as

9

'recogniz[ing] a due process right to be sentenced only on information which is accurate.'" United States v. Nichols, 438 F.3d 437, 440 (4th Cir. 2006) (quoting United States v. Lee, 540 F.2d 1205, 1211 (4th Cir. 1976)).

Here, the district court recognized the relaxed standard of evidence admission applied at sentencing. Moreover, the court allowed the parties to voir dire the witness and concluded that her testimony was reliable. We decline to disturb that finding on appeal.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED