# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

   *Plaintiff-Appellee,*

v.

BERNARD E. RABY,

   *Defendant-Appellant.*

No. 06-5066

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph R. Goodwin, District Judge.
(2:05-cr-00003-ALL)

Argued: May 12, 2009

Decided: August 10, 2009

Before NIEMEYER and MICHAEL, Circuit Judges, and
Frederick P. STAMP, Jr., Senior United States District
Judge for the Northern District of West Virginia,
sitting by designation.

Vacated and remanded by published opinion. Judge Niemeyer
wrote the opinion, in which Judge Michael and Senior Judge
Stamp joined.

## COUNSEL

**ARGUED**: Jonathan D. Byrne, OFFICE OF THE FEDERAL
PUBLIC DEFENDER, Charleston, West Virginia, for Appel-

lant. Louise Anna Forbes, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee. **ON BRIEF:** Mary Lou Newberger, Federal Public Defender, George H. Lancaster, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Charleston, West Virginia, for Appellee.

---

**OPINION**

NIEMEYER, Circuit Judge:

Bernard Raby pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and the district court sentenced him to 210 months' imprisonment—a sentence at the bottom of the properly calculated Sentencing Guidelines range. In imposing the sentence, the district court concluded that it was substantially constrained in considering a sentence outside of the Guidelines range, observing that because Guidelines sentences "are always reasonable and are presumed always reasonable," it is "extremely difficult, if not impossible, for me" to select a sentence outside of the Guidelines range on the basis of the "history and characteristics of the defendant as required by . . . [18 U.S.C. §] 3553(a)" — "I may not try to fit the sentence to the person in this case."

Because the district court improperly applied a presumption of reasonableness to a Guidelines sentence and misconceived its obligations under 18 U.S.C. §§ 3551 and 3553, we vacate Raby's sentence and remand for resentencing.

I

In sentencing Raby, the district court conducted a series of sentencing hearings over a period of ten months, allowing

both parties to present evidence, to respond to evidence, and to make arguments for or against a variance sentence. In the end, the government requested a Guidelines sentence, and Raby requested a downward departure.

The district court was inclined to consider favorably Raby's personal circumstances. Raby is a middle-aged man — 42 years old at the time of sentencing — with no prior criminal record, and he had been regularly employed. His expert witness testified that Raby could be treated for his appetite for child pornography and that Raby was a "low-risk" of reoffending. During allocution, Raby himself made what the district court concluded was a sincere and truthful statement, promising never to commit the offense again. While the district court was inclined to consider these factors favorably in sentencing Raby, the court concluded that it could not consider them because of the limitations imposed in the Sentencing Guidelines and the presumption of reasonableness that attached to Guidelines sentences.

Ultimately, Raby was assigned an adjusted offense level of 40, which was reduced by three levels for his acceptance of responsibility, resulting in an offense level of 37. When coupled with a criminal history Category I, the Sentencing Guidelines called for a sentence within the range of 210 to 262 months' imprisonment. The district court sentenced Raby to 210 months' imprisonment.

In conducting the sentencing proceedings, the district court expressed substantial frustration with what it perceived were restrictions imposed on it by the Supreme Court and the Fourth Circuit, particularly in these courts' conclusions that a sentence within the Guidelines range may be taken as presumptively reasonable. The district court believed that it could hardly impose a reasonable variance sentence, especially when the Guidelines addressed the very factors that it thought would justify a variance sentence. Because of the presumption of reasonableness, the district court also understood

that its discretion to impose an individualized sentence based on the factors set forth in 18 U.S.C. § 3553(a) was severely limited. The court stated:

> I just can't believe that's the law. If that's the law, then what's happening is that the circuit courts are making these things unconstitutionally mandatory. We're retreating completely to the pre-*Booker/Blakely/Apprendi* line of cases.
>
> I can't imagine that the majority of the United States Supreme Court ever dreamed that we would completely ignore the 3553(a) factors and the advisory nature of the guidelines that was so explicitly required by the majority and go back to this rigidity that governs the guidelines.

The court continued:

> This is absolutely incredible to me that the United States Supreme Court . . . and . . . the circuit courts . . . have effectively gone back to exactly the same procedures that they've had under the guidelines.
>
> In fact, they even said in an opinion Judge Niemeyer wrote not only were the guidelines presumptively correct, but that a variance from the guidelines was not *ipso facto* unreasonable.* And that presumption seems to me, if I were allowed to make my call on what's constitutional, wrong.

After the district court imposed a 210-month term of imprisonment, it continued to express its frustration:

---

*\*United States v. Green*, 436 F.3d 449, 457 (4th Cir. 2006) ("A sentence falling outside of the properly calculated Guidelines range is not *ipso facto* unreasonable").

> After considering the advisory guideline range, I have concluded that the remedy opinion in *Booker vs. The United States* as interpreted by the Court of Appeals for this circuit has made it extremely difficult, if not impossible, for me to adequately consider the history and characteristics of the defendant as required by the other portions of [18 U.S.C. §] 3553(a).

During the course of the sentencing hearings, the district court identified at least four factors that it would have considered favorably in sentencing Raby. But it appears to have rejected consideration of those circumstances because the Sentencing Guidelines instructed the court not to consider them and a Guidelines sentence was presumed reasonable. Thus, in response to Raby's argument that his middle age justified a favorable treatment, the district court stated:

> I may not consider [his age] without going against a presumption that the guideline is reasonable that tells me I can't consider age, that you will be 60 when you get out of prison. So, . . . I can't do that.

> \* \* \*

> [I]f it is reasonable to say that I may not consider age and it is presumptively so, I don't know how any consideration of age could be anything other than unreasonable under the interpretation that the Circuit Court has given me. How could it be? How could it be? I can't fathom it.

> \* \* \*

> So, someone with a Category I at age 17 is the same as a Category I, no criminal history, at age 60. So, the fact you live a law-abiding life and have never been convicted of a crime is treated exactly the same

when you're 60 as it is when you're 20 under the guidelines. And that's presumptively reasonable.

In response to Raby's argument that his history of gainful employment and contributions to society warranted a less severe sentence, the court stated:

Mr. Raby has been employed full-time for his adult life. But the guidelines say it's reasonable for me not to pay a bit of attention to that. I am not to pay any attention to the fact that he has been a contributing member of society, has worked and earned a living. I'm not supposed to pay any attention to that because, as the Government argues, that's all taken care of by the guidelines; the guidelines are always reasonable about that.

So, somebody that doesn't do a darn thing, lives a life of sloth and disrepute with regard to their employment, at least, is treated exactly the same as someone who works hard all their life. And it's not relevant for sentencing if one is to be reasonable, presumptively reasonable under the guidelines.

In response to the testimony from Raby's expert, who concluded that Raby was unlikely to reoffend, the district court stated:

Mental health. The guidelines . . . tell me, and I am to presume this is reasonable even in the area where it seems to me that there is a mental health element to this offense—anybody who thinks it is normal thinking or normal mental functioning to view child pornography, to trade and collect it and to be attracted to it thinks entirely different than I do because I find it aberrant. I find it aberrant to the point of disease.

And we had a doctor testify something about that, and there are other arguments which basically come down to the fact, yeah, we agree it's aberrant, but we can't fix these people, so lock them up. But I'm not allowed to consider that if I'm going to stay presumptively reasonable.

And in response to Raby's allocution and apology, the court again felt constrained, stating:

I can't even, I suppose, take into account in that regard, or at least the guidelines—I don't know why we have the right of allocution. This man made what I consider to be an extremely sincere statement. He's been truthful all along. He admits his sick and perverted view of children. But he's there under oath today and promises that he would not do it again no matter how tempted he would be to view child pornography.

* * *

But I may not try to fit the sentence to the person in this case.

Reflecting more generally on the constraints that it perceived, the district court concluded:

[H]ow does one talk one's self into a view that a position contrary to that presumptive reasonableness is, in fact, reasonable?

* * *

Whether you call it an appellate standard or my standard or anything else, if it's one which doesn't fit their standard as they explain it in their opinions, then it's unlawful and I shouldn't impose it.

So, I think this reasonableness business and presumptive reasonableness business that they put down is binding on that. I don't pretend to understand this argument about the trial judges having a different obligation.

From the district court's judgment, imposing a sentence within the Guidelines range, Raby appealed.

II

Since *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory, and sentencing courts have discretion to sentence defendants within the statutory range, regardless of whether the sentence falls within the Guidelines range or without. And the corollary on review of sentences is that review is conducted under "the deferential abuse-of-discretion standard of review." *Gall v. United States*, 128 S. Ct. 586, 598 (2007).

Sentencing discretion, however, is not unlimited, nor unguided. Congress has created a mandatory structure within which sentencing is to be conducted. First, every sentence must be imposed to achieve the four congressionally mandated purposes of sentencing codified in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. §§ 3551, 3553(a). Section 3551 provides that a defendant found guilty of a federal offense "*shall be* sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case." *Id.* § 3551(a) (emphasis added). Similarly, § 3553(a) *requires* that a sentencing court "impose a sentence sufficient, but not greater than necessary, to comply with the [four] purposes set forth in paragraph (2) of this subsection." The four purposes of sentencing are:

    1.   *To punish* the defendant in light of "the serious-ness of the offense," so as "to promote respect for the law" and "provide [a] just punishment";

    2.   *To deter* both the defendant and others from "criminal conduct";

    3.   *To incapacitate* the defendant and thus "protect the public from further crimes of the defendant"; and

    4.   *To rehabilitate* the defendant with "needed edu-cational or vocational training, medical care, or other correctional treatment."

18 U.S.C. § 3553(a)(2); *see also United States v. Shortt*, 485 F.3d 243, 247-49 (4th Cir. 2007).

Then, in determining the sentence that achieves these four purposes, the sentencing court must consider the seven factors identified in 18 U.S.C. § 3553(a)(1)-(7). These include, as relevant to this case, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the kinds of sentence and the sentencing range estab-lished for . . . the applicable category of offense committed by the applicable category of defendant" as recommended by the Sentencing Guidelines. 18 U.S.C. §§ 3553(a)(1), 3553(a)(4)(A).

The procedure that a district court must follow under this structure is now well established. The district court begins "by correctly calculating the applicable Guidelines range." *Gall*, 128 S. Ct. at 596; *see also Rita v. United States*, 551 U.S. 338, 351 (2007); *United States v. Evans*, 526 F.3d 155, 160 (4th Cir. 2008). But consideration of the Guidelines, which is but one of the seven factors listed in 18 U.S.C. § 3553(a), is only "the starting point and the initial benchmark." *Gall*, 128 S. Ct. at 596; *Evans*, 526 F.3d at 160-61. The court "then consider[s] what sentence is appropriate for the individual defendant" in

light of the four purposes of sentencing and the seven factors for achieving those purposes, "explaining any variance from [the Guidelines range] with reference to the [§ 3553(a) factors]." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). In selecting a sentence, the district court has substantial discretion. Yet, in exercising its discretion, the court must give the parties "an opportunity to argue for whatever sentence they deem appropriate," *Gall*, 128 S. Ct. at 596; *see also Rita*, 551 U.S. at 351, and thereafter "make an individualized assessment based on the facts presented." *Gall*, 128 S. Ct. at 597; *Evans*, 526 F.3d at 161.

In this manner the district court may sentence a defendant within or outside of the Guidelines range. But this process does not include according a presumption of reasonableness to a sentence calculated under the Sentencing Guidelines, and a district court's application of a presumption of reasonableness to a Guidelines sentence is error. *See Nelson*, 129 S. Ct. at 892; *United States v. Smith*, 566 F.3d 410, 414 (4th Cir. 2009).

In reviewing a sentence on appeal, the appellate court applies "the deferential abuse-of-discretion standard" that calls for determination of whether the district court's sentence was reasonable. *Gall*, 128 S. Ct. at 598; *see also Evans*, 526 F.3d at 161. The appellate court "first ensure[s] that the district court committed no significant procedural error," which includes:

> failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range.

*Gall*, 128 S. Ct. at 597; *see also Evans*, 526 F.3d at 161. Then the appellate court "consider[s] the substantive reasonableness

of the sentence imposed under an abuse-of-discretion standard . . . , tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 128 S. Ct. at 597. And in reviewing the substantive reasonableness of a district court's sentence, *the appellate court* may presume that a sentence within the properly calculated Guideline range is reasonable. *See Rita*, 551 U.S. at 351; *Gall*, 128 S. Ct. at 597; *Green*, 436 F.3d at 457. Explaining the reason for the presumption, we said:

> [T]he Guidelines represent approximately two decades of close attention to federal sentencing policy. It would be an oddity, to say the least, if a sentence imposed pursuant to this congressionally sanctioned and periodically superintended process was not presumptively reasonable.

*United States v. Johnson*, 445 F.3d 339, 342 (4th Cir. 2006) (citation omitted); *see also Rita*, 551 U.S. at 347-51.

Although an appellate court may apply a presumption of reasonableness to a Guidelines sentence, it *may not* presume that a non-Guidelines sentence is unreasonable. *See Gall*, 128 S. Ct. at 597 ("[I]f the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness"); *Rita*, 551 U.S. at 354-55 ("The fact that we permit courts of appeals to adopt a presumption of reasonableness does not mean that courts may adopt a presumption of unreasonableness"); *Green*, 436 F.3d at 457 ("A sentence falling outside of the properly calculated Guidelines range is not *ipso facto* unreasonable").

### III

In this case, the district court manifested some confusion about our statement in *Green* that even though an appellate court may apply a presumption of reasonableness to a sentence falling within the Guidelines range, "[a] sentence falling

outside of the properly calculated Guidelines range is not *ipso facto* unreasonable." 436 F.3d at 457. Stated in other words, the mere fact that a sentence falls outside of the Guidelines range is not a basis for finding it to be unreasonable. The district court, however, seemed to believe that we said the opposite. In referring to the *Green* quotation, the district court stated:

> [T]he circuit courts . . . have effectively gone back to exactly the same procedures that they've had under the guidelines.

> In fact, they even said in an opinion Judge Niemeyer wrote not only were the guidelines presumptively correct, but that a variance from the guidelines was not *ipso facto* unreasonable. And that presumption seems to me . . . wrong.

> * * *

> Now, if I want to branch out into the area which is not *ipso facto* unreasonable, then perhaps I could consider it. . . . Go outside, it's not *ipso facto* unreasonable.

As a result of this misreading of our statement in *Green*, the district court seemed to feel constrained to impose a sentence within the Guidelines range.

In the final analysis, the district court's comments indicate that it applied a presumption of reasonableness to a sentence within the properly calculated advisory Guidelines range. But as we have noted, "While an *appellate* court reviewing a sentence may presume that the sentence within a properly calculated Guidelines range is reasonable, the *sentencing* court may not, in sentencing a defendant, rely on this presumption." *Smith*, 566 F.3d at 414 (citation omitted); *see also Nelson*, 129 S. Ct. at 892 ("Our cases do not allow a sentencing court

to presume that a sentence within the applicable Guidelines range is reasonable").

As a consequence of the district court's misunderstanding of the *appellate* court's discretion to apply a presumption of reasonableness to a Guidelines sentence, the district court mistakenly believed that its discretion to consider the § 3553(a) factors and to impose an individualized non-Guidelines sentence was constrained. The district court stated, "I have concluded that . . . *Booker vs. The United States*, as interpreted by the Court of Appeals for this circuit has made it *extremely difficult, if not impossible, for me to adequately consider the history and characteristics of the defendant as required by other portions of 3553(a)*." (Emphasis added). The court noted further, "I may not try to fit the sentence to the person in this case." Yet, that is precisely what the sentencing court must do, as we have noted. In sentencing a defendant, the district court must "consider all of the § 3553(a) factors" and "make an *individualized assessment* based on the facts presented." *Gall*, 128 S. Ct. at 596-97 (emphasis added); *Evans*, 526 F.3d at 161.

In light of this record, the government seems to agree that Raby should be resentenced. At oral argument, the Assistant U.S. Attorney stated:

> COURT:   I think [that the district court] would love to have the benefit of *Rita*, *Gall*, and *Nelson* and look at this [case] with a fresh approach, and you probably wouldn't be opposed to that, as long as the [district] judge came out with a just sentence, right?
>
> ASSISTANT U.S. ATTORNEY:   Absolutely, your honor. Absolutely.

Of course, we offer no criticism of the district court not following the holdings in *Gall*, *Shortt*, *Rita*, *Evans*, *Nelson*, and

*Smith*, all of which were decided after the defendant's sentencing hearing.

For the reasons given, we vacate Raby's sentence and remand to allow the district court to exercise its discretion in sentencing Raby, as outlined in this opinion.

*VACATED AND REMANDED*