**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4381**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ORLAN HERNAN VALLE,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:08-cr-00022-NCT-1)

Submitted:  April 7, 2010          Decided:  April 30, 2010

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Orlan Hernan Valle of using a computer to attempt to persuade a person under the age of eighteen to engage in a sexual activity for which Valle could be charged, in violation of 18 U.S.C. § 2422(b) (2006). The district court sentenced him to the statutory mandatory minimum sentence of ten years to be followed by twenty-five years of supervised release. On appeal, Valle contends that the evidence was insufficient to convict him and that his supervised release term is unreasonable. Finding no reversible error, we affirm.

Valle first challenges the sufficiency of the evidence. We review de novo the district court's decision to deny a motion filed pursuant to Fed. R. Crim. P. 29. United States v. Mehta, 594 F.3d 277, 279 (4th Cir. 2010). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Mehta, 594 F.3d at 279. This court "confine[s] reversal of a conviction on grounds of insufficient evidence to cases where the prosecution's failure is clear." United States v. Abu Ali, 528 F.3d 210, 234 (4th Cir. 2008) (internal quotation marks and citation omitted), cert. denied, 129 S. Ct. 1312 (2009).

With these standards in mind, we have reviewed the trial transcript and conclude that the evidence supports Valle's conviction. See United States v. Pierson, 544 F.3d 933, 939 (8th Cir. 2008) (stating elements of offense), cert. denied, 129 S. Ct. 2431 (2009). Although Valle asserts that the Government failed to prove he knew "Molly14Summers" was under sixteen years of age by pointing to inconsistencies in the evidence that he believes amounted to reasonable doubt, "we do not weigh the evidence or assess the credibility of witnesses, but assume that the jury resolved any discrepancies [in the testimony] in favor of the government." United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007).

Next, Valle asserts that the district court imposed a twenty-five-year supervised release term that was greater than necessary to achieve the purposes set forth in 18 U.S.C. § 3553(a) (2006), and that the district court failed to provide an adequate explanation for the chosen term. This court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Daniels, 541 F.3d 915, 921 (9th Cir. 2008) ("The length of [defendant's] term of supervised release is part of his sentence and is reviewed for reasonableness."), cert. denied, 129 S. Ct. 1600 (2009). This review requires appellate

3

consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

Before determining the length of a supervised release term, a district court must consider the § 3553(a) factors. 18 U.S.C.A. § 3583(c) (West Supp. 2009); see United States v. Miller, 594 F.3d 172, 183 (3d Cir. 2010) (stating that "[a] sentencing judge is given wide discretion in imposing a term of supervised release" as long as "that discretion is . . . exercised within the parameters of 18 U.S.C. § 3583.") (internal quotation marks omitted). This court must assess whether the district court considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, this court reviews the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks omitted).

Valle contends that the district court did not make an individualized assessment of the facts before imposing a twenty-five-year term of supervised release. Our review of the record on appeal convinces us otherwise. The court considered

4

Valle's arguments and the dangerousness of his offense and found compelling Valle's admission that he continued to pursue a meeting with an underage girl even knowing, legally and morally, that he should not be doing so. We therefore conclude that the district court adequately explained its decision and did not abuse its discretion in imposing twenty-five years of supervised release. See Lynn, 592 F.3d at 576-79 (stating standard of review and discussing preservation of claim of procedural error for appellate review).

To the extent Valle also challenges the substantive reasonableness of his sentence, this court "may presume that a sentence within the properly calculated [g]uideline[s] range is reasonable." United States v. Raby, 575 F.3d 376, 381 (4th Cir. 2009). Here, the twenty-five-year supervised release term is well within the statutory maximum term of life imprisonment and below the term suggested by the guidelines for a sex offense, and Valle has not rebutted the presumption of reasonableness. See 18 U.S.C.A. § 3583(k) (West Supp. 2009); U.S.S.G. § 5D1.2(b), p.s. (2007). We therefore conclude that the supervised release term imposed by the district court is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED