**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4035**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOSE LUIS GALVAN,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge. (7:05-cr-01277-HFF-2)

Submitted: April 8, 2010              Decided:  May 13, 2010

Before TRAXLER, Chief Judge, and GREGORY and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Galvan pled guilty, without the benefit of a written plea agreement, to conspiracy to possess with intent to distribute fifty grams or more of methamphetamine and 500 grams or more of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced him to 108 months of imprisonment, the top of the advisory guidelines range. On appeal, Galvan's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in her view, there are no meritorious issues for appeal but challenging the district court's determination of the base offense level and questioning whether trial counsel provided ineffective assistance. Galvan has filed a pro se supplemental brief, asserting that the district court failed to consider adequately the statutory sentencing factors and explain sufficiently the chosen sentence. Finding no reversible error, we affirm.

Counsel questions whether the district court properly established the base offense level of thirty-four. In his pro se brief, Galvan contends that the district court did not consider adequately the factors set forth in 18 U.S.C. § 3553(a) (2006), or explain the chosen sentence. We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review

2

requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. We must assess whether the district court properly calculated the guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). Finally, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Because Galvan did not object to the base offense level established at sentencing, our review is for plain error. Lynn, 592 F.3d at 576-77. "To establish plain error, [Galvan] must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." Id. at 577. If Galvan establishes these requirements, this court "may exercise its discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

At his plea hearing, Galvan admitted responsibility for 398.3 grams of methamphetamine, and, based on that amount,

3

the district court properly established a base offense level of thirty-four. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (2005) (applicable to offenses involving at least 150, but less than 500, grams of actual methamphetamine). Thus, there is no error, plain or otherwise, in the district court's establishment of the base offense level.

Next, Galvan asserts that the district court did not consider adequately the § 3553(a) factors or explain sufficiently the reasons for sentencing him at the top of the guidelines range after he had received a safety-valve reduction under USSG § 5C1.2. Because Galvan did not object on these grounds in the district court, we review his claims for plain error. Lynn, 592 F.3d at 579-80. Even assuming that the district court committed plain error in Galvan's case, Galvan has not demonstrated on appeal that the error "had a prejudicial effect on the sentence imposed." Id. at 580.

To the extent Galvan also challenges the substantive reasonableness of his sentence, this court "may presume that a sentence within the properly calculated Guidelines range is reasonable." United States v. Raby, 575 F.3d 376, 381 (4th Cir. 2009). Because the 108-month sentence is the top of the properly calculated guidelines range and well within the statutory maximum term of life imprisonment, see 21 U.S.C.A. § 841(b)(1)(A)(viii) (West Supp. 2009), and Galvan has not

4

rebutted the presumption of reasonableness, we conclude that the sentence imposed by the district court is reasonable.

Finally, appellate counsel suggests that trial counsel provided ineffective assistance. This court "may address [claims of ineffective assistance] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because Galvan's claim does not meet this high standard, we decline to review this claim on direct appeal.

In accordance with Anders, we have reviewed the record for any meritorious issues and have found none. We therefore affirm the district court's judgment. This court requires that counsel inform her client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5