**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4484**

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

          v.

GERALD DEWAYNE CLEMONS,

                   Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    James C. Dever III, District Judge.  (5:08-cr-00014-D-1)

Submitted:  June 25, 2010              Decided:  July 20, 2010

Before KING, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Felice McConnell Corpening, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Dewayne Clemons pled guilty to unlawful possession of firearms and ammunition by a convicted felon, and was sentenced to a term of ten years imprisonment, the statutory maximum and the only possible guideline sentence.[*] Clemons contends that his sentence is procedurally unreasonable because the district court failed to explain why it did not grant him a downward variance for having pled guilty and accepted responsibility. He contends that the sentence is substantively unreasonable because the court rejected his request for a variance on that ground. We affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This requires consideration of both the procedural and substantive reasonableness of a sentence. Id. The appeals court must assess whether the district court properly calculated the guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592

---

[*] The recommended advisory guideline range was 120-150 months, but because the statutory maximum sentence was ten years, the guideline range was limited to 120 months. See U.S. Sentencing Guidelines Manual § 5G1.1(c)(1) (2008).

2

F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)), petition for cert. filed, June 10, 2010. Finally, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Here, counsel urged the court to sentence Clemons below the advisory guidelines range, but without addressing with any specificity why a guilty plea and acceptance of responsibility constituted adequate grounds for a variance. The court declined to vary, stating at the beginning of its findings that it had considered Clemons' argument. The court discussed the nature and circumstances of the offense, noting that Clemons had entered a guilty plea to unlawful possession of a firearm, but that the firearm offense was connected to his drug dealing.

3

Clemons had not acknowledged that fact, and counsel had argued that the two crimes were only loosely connected. The court discussed Clemons' history of both mental health problems and prior felonies. The court took issue with Clemons' statement that he had been "kidnapped" when he was arrested. The court stated that Clemons' offense was serious and required a sentence that promoted respect for the law and provided just punishment, deterrence, and protection for the public.

This record belies Clemons' contention that the district court committed significant procedural error by failing to address specifically counsel's brief mention of Clemons' guilty plea and acceptance of responsibility during his argument for a variance. The court did note Clemons' guilty plea. Although the court did not specifically mention Clemons' acceptance of responsibility, the court impliedly addressed its minimal nature by admonishing Clemons that he had been arrested for committing a serious offense, rather than being kidnapped, that the guns were connected to drug dealing, rather than possessed solely for protection, as Clemons alleged, and that Clemons should not again seek to justify possessing firearms when he completed his prison term.

With respect to the substantive reasonableness of Clemons' sentence, we "may presume that a sentence within the properly calculated Guideline range is reasonable." United

4

States v. Raby, 575 F.3d 376, 381 (4th Cir. 2009). Because the 120-month sentence was the only possible sentence within the guideline range and was also the statutory maximum of ten years imprisonment, we conclude that the sentence imposed by the district court is reasonable. Moreover, on appeal, Clemons has not presented evidence to rebut the presumption of reasonableness. See Rita, 551 U.S. at 347-56.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED