**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 09-4688**

―――――――――

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MELQUIS PORTILLO, a/k/a Gordo,

                Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:08-cr-00520-TSE-2)

―――――――――

Submitted:  February 15, 2011        Decided:  March 10, 2011

―――――――――

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

John O. Iweanoge, II, IWEANOGE LAW CENTER, Washington, D.C., for Appellant.  Neil H. MacBride, United States Attorney, Mary K. Daly, Daniel J. Grooms, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melquis Portillo, a/k/a "Gordo," was indicted for conspiracy to distribute cocaine and for numerous firearm charges. The jury found him guilty of Count 1, conspiracy to distribute cocaine; Count 2, engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C.A. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D) (West 2000 & Supp. 2010); Counts 3 and 5, illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2) (2006); and Counts 7 and 10, unregistered possession of firearm, in violation of 26 U.S.C. §§ 5845(a), 5861(d), 5871 (2006). He was sentenced to sixty-six months of imprisonment for Counts 1, 3, 5, 7 and 10, and sixty months for Count 2. All sentences were imposed to run concurrently. On appeal, he raises two issues: (1) whether his convictions are supported by substantial evidence; and (2) whether his sentence was reasonable. For the reasons that follow, we affirm.

First, viewing the evidence as required, Glasser v. United States, 315 U.S. 60, 80 (1942), we find that all of Portillo's convictions are supported by substantial evidence. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (discussing substantial evidence); United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). We will uphold the jury's verdict if there is substantial evidence to support it, and will

2

reverse only in those rare cases "'where the prosecution's failure is clear.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). Thus, these claims fail on appeal.

Second, Portillo alleges that his sentence was not reasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). If the sentence is within the Sentencing Guidelines range, the appellate court may apply a presumption of reasonableness. Gall, 552 U.S. at 51; see also United States v. Raby, 575 F.3d 376, 381 (4th Cir. 2009). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51. "When imposing a sentence within the Guidelines . . . the explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal citation and quotation marks omitted).

Here, the district court sentenced Portillo within a properly-calculated Sentencing Guidelines range far below that

recommended in Portillo's presentence report. The court specifically considered the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors, calculated Portillo's advisory Guidelines range, and sentenced him within that range. Accordingly, we also affirm his sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED