**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4611**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JOSEPH BASSETT,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:11-cr-00512-WDQ-1)

_____

Submitted: March 27, 2013         Decided: April 4, 2013

_____

Before NIEMEYER, FLOYD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, Julie L.B. Johnson, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Antonio J. Reynolds, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Bassett pled guilty to possession of a firearm by a convicted felon and was sentenced as an armed career criminal to the mandatory minimum sentence of fifteen years prescribed by 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2012). Bassett appeals his sentence, arguing that imposition of the fifteen-year sentence was error because mandatory minimum sentences conflict with the mandate in 18 U.S.C. § 3553(a) (2006) to impose a sentence "sufficient but not greater than necessary." He further contends that a fifteen-year sentence is greater than necessary in his case to achieve the sentencing goals of § 3553(a). We affirm.

The Sentencing Reform Act, of which § 3553(a) is part, dictates that a defendant should be sentenced in accordance with its provisions to achieve the purposes of § 3553(a)(2) "[e]xcept as otherwise specifically provided." 18 U.S.C. § 3551(a) (2006). Courts have generally held that statutorily-mandated minimum sentences are "otherwise specifically provided" and thus do not conflict with § 3553(a)'s "sufficient but not greater than necessary" clause. See United States v. Sutton, 625 F.3d 526, 529 (8th Cir. 2010); United States v. Kellum, 356 F.3d 285, 289 (3d Cir. 2004) ("[T]he [statutory] mandatory minimum sentences [the defendant] was exposed to . . . clearly fit within the 'except as otherwise specifically provided' exclusion

2

of § 3551(a).").  "Courts have uniformly rejected the claim that § 3553(a)'s 'no greater than necessary' language authorizes a district court to sentence below the statutory minimum."  United States v. Cirilo-Muñoz, 582 F.3d 54, 55 (1st Cir. 2009) (per curiam) (collecting cases); see also United States v. Franklin, 499 F.3d 578, 585 (6th Cir. 2007) ("[Section] 3553(a) factors do not apply to congressionally mandated sentences"); United States v. Roberson, 474 F.3d 432, 436 (7th Cir. 2007) (acknowledging tension between § 3553(a) and statutorily-mandated sentences, but holding that § 3553(a) is a "very general statute [that] cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress.").  In United States v. Robinson, 404 F.3d 850 (4th Cir. 2005), we held that, even after United States v. Booker, 543 U.S. 220 (2005), except in limited circumstances not present here, "a district court still may not depart below a statutory minimum."  Id. at 862.  Bassett's reliance on United States v. Raby, 575 F.3d 376 (4th Cir. 2009), is misplaced, as that case provides no guidance on sentencing below a mandatory minimum.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3