**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4517**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ERIC YOUNG,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:10-cr-00741-RDB-1)

———————

Submitted: March 26, 2013         Decided: April 9, 2013

———————

Before KING, AGEE, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Meghan S. Skelton, Appellate Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, A. David Copperthite, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Eric Young of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West 2000 & Supp. 2012), and the district court sentenced Young as an armed career criminal to the mandatory minimum sentence of fifteen years prescribed by 18 U.S.C.A. § 924(e) (West Supp. 2012). Young appeals his sentence, arguing that imposition of the fifteen-year sentence was error because mandatory minimum sentences conflict with the mandate in 18 U.S.C. § 3553(a) (2006) to impose a sentence "sufficient but not greater than necessary." He further contends that a fifteen-year sentence is greater than necessary in his case to achieve the sentencing goals of § 3553(a). We affirm.

The Sentencing Reform Act, of which § 3553(a) is part, dictates that a defendant should be sentenced in accordance with its provisions to achieve the purposes of § 3553(a)(2) "[e]xcept as otherwise specifically provided." 18 U.S.C. § 3551(a) (2006). Courts have generally held that statutorily-mandated minimum sentences are "otherwise specifically provided" and thus do not conflict with § 3553(a)'s "sufficient but not greater than necessary" clause. See United States v. Sutton, 625 F.3d 526, 529 (8th Cir. 2010); United States v. Kellum, 356 F.3d 285, 289 (3d Cir. 2004) ("[T]he [statutory] mandatory minimum sentences [the defendant] was exposed to . . . clearly fit

2

within the 'except as otherwise specifically provided' exclusion of § 3551(a)."). "Courts have uniformly rejected the claim that § 3553(a)'s 'no greater than necessary' language authorizes a district court to sentence below the statutory minimum." United States v. Cirilo-Muñoz, 582 F.3d 54, 55 (1st Cir. 2009) (per curiam) (collecting cases); see also United States v. Franklin, 499 F.3d 578, 585 (6th Cir. 2007) ("[Section] 3553(a) factors do not apply to congressionally mandated sentences"); United States v. Roberson, 474 F.3d 432, 436 (7th Cir. 2007) (acknowledging tension between § 3553(a) and statutorily-mandated sentences, but holding that § 3553(a) is a "very general statute [that] cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress."). In United States v. Robinson, 404 F.3d 850 (4th Cir. 2005), we held that, even after United States v. Booker, 543 U.S. 220 (2005), except in limited circumstances not present here, "a district court still may not depart below a statutory minimum." Id. at 862. Young's reliance on United States v. Raby, 575 F.3d 376 (4th Cir. 2009), is misplaced, as that case provides no guidance on sentencing below a mandatory minimum.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED