**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4787**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DALLAS WILLIAMS,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:10-cr-00546-CCB-1)

───────────

Submitted: May 21, 2013              Decided: June 6, 2013

───────────

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

James Wyda, Federal Public Defender, LaKeytria W. Felder, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dallas Williams pled guilty, pursuant to a conditional plea agreement, to being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Williams as an armed career criminal to the mandatory minimum sentence of fifteen years prescribed by 18 U.S.C.A. § 924(e) (West Supp. 2012). Williams appeals the denial of his Motion for a Franks[1] Hearing and to Suppress Evidence.[2] In addition, Williams appeals his sentence, arguing that mandatory minimum sentences conflict with the mandate in 18 U.S.C. § 3553(a) (2006) to impose a sentence "sufficient but not greater than necessary." We affirm.

We consider first Williams' contention that the district court erred in denying his motion for a Franks hearing. Williams claims that the district court erred by denying his Franks suppression motion because Baltimore Police Department Officer Clemmie O. Anderson III made deliberately false statements in his affidavit supporting Williams' arrest warrant and that these false statements were material to the probable cause determination. The affidavit described the police pursuit

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

[2] Under his plea agreement, Williams preserved his right to appeal the order denying his Franks suppression motion.

2

of a 2001 Acura through the streets of Baltimore. At one point during the chase, the Acura drove directly towards the police vehicle, and each of the officers in the cruiser identified the driver, through the windshield, as Williams. The Acura eventually turned onto Schroeder Street in a school zone, and the officers followed. Anderson's affidavit stated that the driver parked and escaped on foot and that the officers returned to the abandoned Acura where they found various papers bearing Williams' name.

Based on the application, the state of Maryland charged Williams with several traffic and eluding charges, and an arrest warrant was issued. Williams was arrested on January 24, 2010, pursuant to the arrest warrant, and was found in possession of a firearm and ammunition. A federal grand jury subsequently charged Williams with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Williams moved for a Franks hearing and to suppress the tangible and derivative evidence, claiming that the arrest warrant was based on Anderson's knowing and false statements. The district court conducted a motions hearing at which both officers, the principal of the elementary school, and Williams' probation and parole agent testified. After hearing the testimony and the parties' arguments, the court found that

Williams failed to make the necessary showing for a _Franks_ hearing.[3]  Accordingly, the district court denied the motion.

The purpose of a _Franks_ hearing is to determine whether, but for the inclusion of intentional or reckless misstatements by the affiant, an affidavit would not support a finding of probable cause. _United States v. Clenney_, 631 F.3d 658, 663 (4th Cir. 2011).  A defendant challenging the validity of a warrant is entitled to a hearing if he makes a preliminary showing that:  "(1) the warrant affidavit contain[s] a 'deliberate falsehood' or statement made with 'reckless disregard for the truth' and (2) without the allegedly false statement, the warrant affidavit is not sufficient to support a finding of probable cause."  _United States v. Fisher_, 711 F.3d 460, 468 (4th Cir. 2013) (quoting _Franks_, 438 U.S. at 155-56); _Clenney_, 631 F.3d at 663 (applying _Franks_ to arrest warrants).

Williams argues that he made this showing and that the district court erred in denying his motion for a _Franks_ hearing. We review de novo the legal determinations underlying a district court's denial of a _Franks_ hearing, while its factual findings

---

[3] The court remarked, "Of course, as a practical matter, we sort of just had a _Franks_ hearing because [defense counsel] called witnesses and [the prosecutor] called witnesses.  So I'm not sure how much further we could get with anything called a _Franks_ hearing."  (Joint Appendix at 207).

4

are reviewed for clear error. United States v. Allen, 631 F.3d 164, 171 (4th Cir. 2011).

Williams claims that Anderson falsely identified Williams as the driver of the Acura the police were pursuing because, "given the nature of the pursuit, the officers would not have had a clear view" inside the car. (Appellant's Br. at 23). However, as the district court found, Williams presented no evidence that the driver would not have been visible through the windshield. Furthermore, the district court found credible both officers' testimony that they recognized Williams as he drove towards them, and we defer to the district court's credibility determination. See United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (according appellate deference to district court's determinations concerning credibility of witnesses during pretrial hearing on suppression motion).

Moreover, we conclude that Williams otherwise failed to show by a preponderance of the evidence that Anderson knowingly made false statements in his affidavit material to the probable cause determination. Admittedly, Anderson declared that Williams drove into a school zone during school dismissal when, in fact, school had already been dismissed. However, evidence presented at the motions hearing showed that children were permitted in the school yard after dismissal and that there were no school zone signs with lights that would have alerted

5

the officer that dismissal had ended. Therefore, we conclude that the district court did not clearly err by finding that Anderson's statement was not inaccurate. Moreover, even if Anderson's statement was deliberately untruthful, we agree with the district court that it was not material to a determination of probable cause to support the charges in the arrest warrant for numerous traffic violations and eluding police.

We also agree with the district court that Anderson's statement that Williams abandoned the car on Schroeder Street and fled is not facially false. The officers briefly lost sight of the car when it turned onto Schroeder Street. When they turned the corner, they saw the car was parked, and Williams was gone. Although Williams argued that the affidavit was written as though Anderson witnessed Williams park the car and flee, the district court did not clearly err by interpreting the statement as reflecting the officer's inference that Williams had parked the vehicle and fled rather than as the officer's actual eyewitness account. Furthermore, assuming <u>arguendo</u> that the discrepancies between the officers' testimony regarding (1) the number of times Anderson had previously addressed Williams individually, (2) whether Anderson had previously suspected Williams of drug activity, and (3) whether the door to the abandoned vehicle was open or closed demonstrated that Anderson

6

made false statements in his affidavit, these statements simply were not material to a finding of probable cause.

We therefore conclude that the district court properly determined that Williams failed to make the strong showing necessary to warrant a <u>Franks</u> hearing and, hence, properly denied Williams' Motion for a <u>Franks</u> Hearing and to Suppress Evidence.

Turning to Williams' challenge to his sentence, the Sentencing Reform Act, of which § 3553(a) is a part, dictates that a defendant should be sentenced in accordance with its provisions to achieve the purposes of § 3553(a)(2) "[e]xcept as otherwise specifically provided."  18 U.S.C. § 3551(a) (2006). Courts have generally held that statutorily mandated minimum sentences are "otherwise specifically provided" and thus do not conflict with § 3553(a)'s "sufficient but not greater than necessary" clause.  <u>United States v. Sutton</u>, 625 F.3d 526, 529 (8th Cir. 2010); <u>United States v. Kellum</u>, 356 F.3d 285, 289 (3d Cir. 2004) ("[T]he [statutory] mandatory minimum sentences [the defendant] was exposed to . . . clearly fit within the 'except as otherwise specifically provided' exclusion of § 3551(a)."). "Courts have uniformly rejected the claim that § 3553(a)'s 'no greater than necessary' language authorizes a district court to sentence below the statutory minimum."  <u>United States v. Cirilo-Muñoz</u>, 582 F.3d 54, 55 (1st Cir. 2009) (per curiam) (collecting

7

cases); see also United States v. Franklin, 499 F.3d 578, 585 (6th Cir. 2007) ("[Section] 3553(a) factors do not apply to congressionally mandated sentences."); United States v. Roberson, 474 F.3d 432, 436 (7th Cir. 2007) (acknowledging tension between § 3553(a) and statutorily mandated sentences, but holding that § 3553(a) is a "very general statute [that] cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress"). In United States v. Robinson, 404 F.3d 850 (4th Cir. 2005), we held that, even after United States v. Booker, 543 U.S. 220 (2005), except in limited circumstances not present here, "a district court still may not depart below a statutory minimum." 404 F.3d at 862. Williams' reliance on United States v. Raby, 575 F.3d 376 (4th Cir. 2009), is misplaced, as that case provides no guidance on sentencing below a mandatory minimum.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

8