**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 15-4260**

―――――――――

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ROY CHRISTOPHER PERRY,

                Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:14-cr-00276-BO-1)

―――――――――

Argued:  December 7, 2016                      Decided:  January 18, 2017

―――――――――

Before GREGORY, Chief Judge, and WYNN and THACKER, Circuit Judges.

―――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――

**ARGUED:**  Stephen Clayton Gordon, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  Thomas P. McNamara, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roy Christopher Perry appeals his 151-month sentence following his guilty plea to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). On appeal, Perry argues that the district court erred by treating the advisory Sentencing Guidelines as mandatory and by presuming that a within-Guidelines sentence was reasonable. We now vacate Perry's sentence and remand for resentencing.

I.

Perry's challenge centers on the district court's statements at his April 29, 2015 sentencing hearing. Before imposing a sentence at the bottom of the 151-188 month Guidelines range, the district judge stated, "I'm probably going to give him a Guideline sentence because it would be really an act of, I don't know what you call it, defiance, maybe not, to give him a variant sentence." J.A. 44. The district court then said that a 120-month sentence under the factors listed in 18 U.S.C. § 3553(a) would be "just and fair to both the public and to the defendant," but ultimately decided that "given the case law and the Sentencing Guidelines, I have to sentence him to the low end of the Guidelines of 151-months." J.A. 44. The court added that it would be "more than agreeable" if Perry's sentence was vacated on appeal. J.A. 44.

In *United States v. Booker*, 543 U.S. 220, 246 (2005), the Supreme Court rendered advisory the once-mandatory Sentencing Guidelines. Sentencing courts must now "consider all of the § 3553(a) factors" and "make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). Post-*Booker*, courts

3

thus have "discretion to sentence defendants within the statutory range, regardless of whether the sentence falls within the Guidelines range or without." *United States v. Raby*, 575 F.3d 376, 380 (4th Cir. 2009). As a corollary to this principle, a sentencing court commits a procedural error when it treats the Guidelines as mandatory. *Gall*, 552 U.S. at 51. Likewise, a district court errs when it presumes that a sentence within the Guidelines range is reasonable. *Rita v. United States*, 551 U.S. 338, 351 (2007).

Taken together, the district court's statement that it had to sentence Perry to a Guidelines sentence, its suggestion that it might be defiant if it did otherwise, and its indication that a variant sentence was warranted based on the § 3553(a) factors, support Perry's view that the district court accorded too much weight to the Guidelines. We acknowledge that parts of the record cut the other way—the experienced district judge, for instance, aptly traced the history of federal sentencing and referenced *Booker*. *See* J.A. 42-43. But appellate courts are not at liberty to "guess at the district court's rationale." *United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009). And given the "serious possibility the district court felt it was under an obligation to impose a Guidelines sentence," *United States v. Mendoza-Mendoza*, 597 F.3d 212, 219 (4th Cir. 2010), we find it appropriate to vacate Perry's sentence and remand for resentencing.

In doing so, we express no view on the appropriate sentence for Perry. Rather, we simply reaffirm that the district court in this case has the discretion to choose a sentence outside the applicable Guidelines range.

4

II.

For the foregoing reasons, we vacate Perry's sentence and remand for resentencing.

VACATED AND REMANDED