**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4319**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JEREMIAH LAMAR TEAGUE, a/k/a Booper,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.   Richard L.
Voorhees, District Judge.  (5:06-cr-00022-RLV-CH-4)

Submitted:  July 29, 2010            Decided:  August 12, 2010

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joseph R. Conte, LAW OFFICES OF J.R. CONTE, Washington, D.C.,
for Appellant.  Edward R. Ryan, United States Attorney, Mark A.
Jones, Assistant United States Attorney, Charlotte, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremiah Lamar Teague pled guilty to conspiracy to possess with intent to distribute cocaine powder and cocaine base (crack), 21 U.S.C. § 846 (2006) (Count 1), and possession of crack with intent to distribute, 21 U.S.C.A. § 841 (West Supp. 2010) (Counts 8-10). He was sentenced within the advisory guideline range to a term of 288 months imprisonment. Teague appeals his sentence, arguing that his sentence is procedurally and substantively unreasonable. We affirm.

Teague participated in the conspiracy for eight years. Because he had a prior felony drug conviction, he was subject to a mandatory minimum sentence of 240 months. His guideline range was 235-293 months. At sentencing, Teague requested a downward variance to remedy the disparity between sentences for crack offenses and for cocaine powder offenses. The district court declined to vary. The court stated that it had considered the sentencing factors set out in 18 U.S.C. § 3553(a) (2006), the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the sentencing guidelines. The court explained its sentence as follows:

> The court has found that the sentence is justified in terms of the [§] 3553(a) factors because of the need to reflect the seriousness of the offense. Defendant was involved in the conspiracy for a lengthy period of time. Further, to promote respect for the law and to provide just punishment. The other factors are taken

2

into account adequately by the guidelines. And his sentence is within the guideline range.

The court finds that his record as scored by the probation officer does not overstate the seriousness of the criminal history. The guideline adjustment that has been applied by the probation officer sufficiently addresses any disparity between crack and powder. And the other factors fully justify the sentence imposed.

On appeal, Teague argues that his sentence is procedurally unreasonable because the district court failed to consider the § 3553(a) factors adequately, and substantively unreasonable because it was greater than necessary in light of the crack/powder cocaine sentencing disparity.[*]

We review a sentence for reasonableness under an abuse of discretion standard, Gall v. United States, 552 U.S. 38, 51 (2007), which requires consideration of both the procedural and substantive reasonableness of a sentence. Id. We must assess first whether the district court properly calculated the guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence"); United States v.

---

[*] Teague also describes the sentence as cruel and unusual, but does not argue that it violates the Eighth Amendment. To the extent that the issue is before us, we discern no constitutional violation.

3

Carter, 564 F.3d 325, 330 (4th Cir. 2009). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)), petition for cert. filed, 78 U.S.L.W. 3764 (June 10, 2010) (No. 09-1512). Finally, we review the substantive reasonableness of the sentence, examining "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

On appeal, with new counsel, Teague concedes that he was subject to a 240-month mandatory minimum sentence. He argues, however, that the district court's "bare pronouncement" that it found the sentence justified under the § 3553(a) factors was insufficient to permit appellate review. We conclude that the court's explanation for the sentence was adequate and did not amount to procedural error. The court specifically addressed several of the § 3553(a) factors, principally, the seriousness of the offense and the length of time Teague was involved in the conspiracy. The court expressed its belief that the sentence it had decided to impose would promote respect for

4

the law and provide a just punishment, and noted that the other factors were adequately taken into account in the guideline calculation. Teague does not identify any relevant factor that the district court failed to address nor does the record disclose any such factor.

The claim of substantive error is similarly lacking in merit. Teague's sentence was within the advisory guideline range. An appellate court "may presume that a sentence within the properly calculated Guideline range is reasonable." United States v. Raby, 575 F.3d 376, 381 (4th Cir. 2009). Although the defendant may rebut the presumption of reasonableness, Rita, 551 U.S. at 347, we conclude that Teague has not done so.

Teague contends that, because his sentence is at the upper end of the guideline range, the district court failed to consider the need to avoid unwarranted sentencing disparity between a defendant like himself who is guilty of a crack offense and one who is guilty of a cocaine offense. See Kimbrough v. United States, 552 U.S. 85 (2007) (holding that sentencing court may consider crack/powder cocaine sentencing ratio as basis for variance). Teague asserts that, to avoid disparity, the district court should have sentenced him to the 240-month mandatory minimum sentence. However, in imposing the sentence, the court stated its view that the reduction in offense levels afforded by the 2007 amendments to the guidelines

for crack offenses was adequate to remedy the sentencing disparity.  <u>Kimbrough</u> does not require the district court to go beyond the remedy that Congress has provided.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>