**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-7580**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JEREMIAH LAMAR TEAGUE, a/k/a Booper,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.   (5:06-cr-00022-RLV-CH-4)

———————

Submitted:  January 24, 2013          Decided:  February 6, 2013

———————

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Jeremiah Lamar Teague, Appellant Pro Se.   Thomas Richard Ascik, Amy Elizabeth Ray, Assistant United States Attorneys, Asheville, North Carolina; Thomas A. O'Malley, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremiah Lamar Teague appeals the district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2) (2006) pursuant to Amendment 750 to the U.S. Sentencing Guidelines Manual. The district court explained its decision by stating that "[d]ue to the statutory mandatory minimum sentence required in this case, there is no change in the guidelines calculations." We disagree. For the reasons explained below, we vacate the court's order and remand for further proceedings.

Teague pled guilty to conspiracy to possess with intent to distribute cocaine powder and cocaine base (crack), and three substantive counts involving crack. He was held responsible, for sentencing purposes, for 1.7 kilograms of crack. His base offense level under the 2007 Guidelines Manual was 36, reduced for acceptance of responsibility to a total offense level of 33. Teague was in criminal history category VI, which gave him an advisory Guidelines range of 235-293 months. Because Teague was subject to a twenty-year mandatory minimum, the range was narrowed to 240-293 months pursuant to USSG § 5G1.1(c)(2).[*] In 2009, the district court reviewed Teague's sentence to determine whether he was eligible for a

_____

[*] Teague's sentence was affirmed in August 2010. United States v. Teague, 392 F. App'x 250 (4th Cir. 2010).

2

sentence reduction under § 3582(c)(2) in light of Amendment 706 and concluded that Amendment 706 had been applied at his sentencing. In August 2012, the district court reviewed Teague's sentence to determine whether he was eligible for a sentence reduction in light of Amendment 750 and concluded that he was not.

We review a district court's decision to grant or deny a § 3582(c)(2) motion for abuse of discretion. United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). The district court has the authority to modify a defendant's term of imprisonment pursuant to § 3582(c)(2) if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" through a retroactively applicable Guidelines amendment. 18 U.S.C. § 3582(c)(2); see USSG § 1B1.10(a)(1) (2012). The court abuses its discretion if it relies on an erroneous legal premise. DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008).

Amendment 750 reduced Teague's base offense level from 36 to 34. See USSG § 2D1.1(c)(3) (840 grams to 2.8 kilograms of cocaine base). With a 3-level reduction for acceptance of responsibility, Teague's revised total offense level was 31. Because he was in criminal history category VI, his revised Guidelines range was 188-235 months. Under § 5G1.1(b), when the "statutorily required minimum sentence is greater than the

3

maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Therefore, after Amendment 750 was enacted and made retroactive, Teague's Guidelines range became 240 months. Thus, Teague's 288-month sentence became a sentence above the amended Guidelines range, rather than a sentence within the Guidelines range, as it was when the district court imposed it. The district court's conclusion that Amendment 750 does not provide a basis for a sentence reduction was therefore erroneous.

Accordingly, we vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4