**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4251**

─────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

AMHAL RASHAD BOSTIC,

             Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
Chief District Judge.  (1:08-cr-00182-JAB-1)

─────────

Submitted:  April 15, 2010          Decided:  April 29, 2010

─────────

Before KING, GREGORY, and SHEDD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Christopher A. Beechler, Winston-Salem, North Carolina, for
Appellant.   Angela  Hewlett  Miller,  Assistant  United  States
Attorney, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amhal Rashad Bostic pled guilty pursuant to a plea agreement to bank robbery with a dangerous weapon, in violation of 18 U.S.C. § 2113(d) (2006), and carrying and using, by brandishing, a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006). The district court sentenced Bostic to thirty-three months on the robbery conviction and a mandatory seven-year term of imprisonment on the § 924(c) count. On appeal, Bostic's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal. The Government declined to file a responsive brief. Bostic was informed of his right to file a pro se supplemental brief but has not done so.

Our careful review of the record convinces us that the district court fully complied with the mandates of Fed. R. Crim. P. 11 in accepting Bostic's guilty plea and ensured that Bostic entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116-17, 119-20 (4th Cir. 1991). Accordingly, we affirm Bostic's convictions.

We review Bostic's sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate

2

consideration of both the procedural and substantive reasonableness of a sentence. Id. In determining whether a sentence is procedurally reasonable, this court must first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. at 49-50. This court then must consider whether the district court considered the factors in 18 U.S.C. § 3553(a) (2006), analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Although the district court procedurally erred when it imposed Bostic's sentence without explicitly making an individualized assessment based on the particular facts of Bostic's case, because Bostic did not argue for a sentence outside of his guidelines range, Bostic did not adequately preserve an objection to the district court's error. United States v. Lynn, 592 F.3d 572, 579-80 (4th Cir. 2010). Accordingly, we need only review the sentencing error for plain error. See id. at 580.

To establish plain error, Bostic has to show that an error: (i) was made; (ii) is plain (i.e., clear or obvious); and

3

(iii) affects his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if we assumed that the district court's brief explanation of Bostic's sentence constituted an obvious error in violation of Carter, Fed. R. Crim. P. 52(b) requires Bostic to also show that the district court's lack of explanation had a prejudicial effect on the sentence imposed. See Puckett v. United States, 129 S. Ct. 1423, 1433, n.4 (2009). We find Bostic has failed to make such a showing.

Finally, we review the substantive reasonableness of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We presume that a sentence imposed within the properly calculated guidelines range is reasonable. Rita v. United States, 551 U.S. 338, 346-56 (2007); United States v. Smith, 566 F.3d 410, 414 (4th Cir. 2009). Applying the presumption of reasonableness to Bostic's within-guidelines sentence, which Bostic fails to rebut on appeal, we find that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bostic, in writing, of the right to petition the Supreme Court of the United States for

4

further review.  If Bostic requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bostic.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED