**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-4519**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

TARIQ A. VAUGHN,

        Defendant – Appellant.

---

**No. 09-4565**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

TARIQ A. VAUGHN,

        Defendant – Appellant.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge; Richard L. Williams, Senior District Judge.  (3:08-cr-00468-HEH-1; 3:02-cr-00075-RLW-1)

---

Submitted:  August 5, 2010      Decided:  September 16, 2010

---

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

No. 09-4519 dismissed; No. 09-4565 affirmed by unpublished per curiam opinion.

---

Charles D. Lewis, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Olivia N. Hawkins, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In February 2002, Tariq Vaughn was indicted for possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (2006). Vaughn plead guilty and was sentenced to 72 months' imprisonment, followed by a three-year term of supervised release.

In September 2008, following his release from prison, Vaughn was arrested by local authorities in Richmond, Virginia, and found to be in possession of "crack" cocaine. In October 2008, Vaughn appeared before the district court and plead guilty to various violations of his supervised release term, including possession of crack cocaine; however, the hearing was continued to allow the new criminal charges to be adjudicated.

In November 2008, Vaughn was indicted for possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (2006). Vaughn plead guilty and was sentenced to 240 months' imprisonment. At the same time he was sentenced on the possession charge, Vaughn was also sentenced for the supervised release violation. Ultimately, Vaughn received an additional 36 months' imprisonment for the supervised release violation, to be served consecutive to his sentence for drug possession. These matters were consolidated for review on appeal.

3

Vaughn first challenges the adequacy of his guilty plea to the drug possession charge.  The Government has moved to dismiss this portion of his appeal based on an appellate waiver clause in his plea agreement.  The motion will be granted.

A defendant may waive the right to appeal if that waiver is knowing and intelligent.  United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005).  Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).  To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances."  United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).  Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

Vaughn argues the Government's motion should be denied solely because he told the district court he took medication for certain non-descript "impulse control" problems at his plea colloquy, thereby placing the court under a heightened duty to investigate his mental state to determine whether he was competent to enter a guilty plea, which he maintains, the court

4

did not adequately do. Vaughn makes this argument despite the fact that both he and his attorney unequivocally stated at the Rule 11 hearing that he could communicate and understand the proceedings. Vaughn has not cited any pertinent authority to support his position.

"Absent clear and convincing evidence to the contrary," a defendant is generally bound by statements made under oath during his Rule 11 plea colloquy. See Fields v. Att'y Gen. of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (a defendant's declarations in court affirming a plea agreement "present a formidable barrier in any subsequent . . . proceedings") (internal quotation marks omitted). Here, Vaughn has not presented any evidence, much less clear and convincing evidence, to contradict his statements to the district court that neither his "impulse control" problem, nor the drugs he was taking for it, affected his decision-making ability.

Accordingly, we find that Vaughn remains bound by his in-court statements. Because Vaughn's plea was knowingly and intelligently given, and because this portion of his appeal falls squarely within the scope of the appellate waiver to which he agreed, we grant the Government's motion and dismiss Vaughn's appeal in No. 09-4519.

Vaughn also argues that the district court failed to adequately explain his within-guidelines sentence for his supervised release violation. This court generally reviews sentences imposed upon revocation of supervised release to determine whether: (1) they are within the prescribed statutory range; and (2) they are "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). Here, however, the Government argues that plain-error review should be applied because Vaughn did not adequately preserve an objection to the district court's explanation of his sentence.

In order to preserve his claim for appellate review, a defendant must lodge a contemporaneous objection to the district court's explanation or "ask for a sentence outside the range calculated by the court prior to sentencing." See United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). It is undisputed that Vaughn failed to lodge a contemporaneous objection to the district court's explanation; thus, the threshold question becomes whether Vaughn asked for "a sentence outside the range calculated by the court prior to sentencing."

Below, Vaughn's attorney merely stated that he did not believe that Vaughn's conduct "warrant[ed] a maximum sentence," and he asked the court "to consider something less than that," though he did not offer any suggestion as to what he thought might be an appropriate sentence. These vague statements are

6

insufficient to preserve an objection to the adequacy of the district court's explanation. As was the case in United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010), where defendant Avery Peake failed to "ask the court to depart from the correctly calculated Guidelines range," Vaughn is not entitled to a full appellate review of this issue. Accord United States v. Bostic, No. 09-4251, 2010 WL 1735509, at *1 (4th Cir. April 29, 2010) (applying plain-error review where defendant "did not argue for a sentence outside of his guidelines range").

To establish plain error, Vaughn must show that an error: (1) was made; (2) is plain (i.e., clear or obvious); and (3) affects his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if he makes this three-part showing, this court may exercise its discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted). Vaughn has failed to meet this burden. Accordingly, we affirm the sentence imposed upon Vaughn following his supervised release violation.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 09-4519 <u>DISMISSED</u>
No. 09-4565 <u>AFFIRMED</u>